United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STACY BARLOW,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ACCOUNTS, LLC,<br><br>    Defendant. | Case No. 21-cv-07110-LB<br><br>**ORDER DENYING SUMMARY JUDGMENT**<br><br>Re: ECF No. 27 |

# INTRODUCTION

The plaintiff alleges the defendant, the assigned debt-holder, violated state and federal debt-collection laws when it called the plaintiff to collect the debt after the plaintiff notified it to contact her only in writing. The defendant contends that it never received the letter.[1] Before the benefit of any discovery, the plaintiff moved for summary judgment, or, alternatively, partial summary judgment, on the ground that she undisputedly has established the elements of claims under the Federal Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act). The court can decide the motion without oral argument. N.D. Cal. L.R. 7-1.

---

[1] Opp'n – ECF No. 36 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-07110-LB

The court denies the motion without prejudice because disputes of fact preclude summary judgment. In short, pre-discovery, the motion for partial summary judgment is premature.

**STATEMENT**

The plaintiff, a California resident, allegedly fell behind on payments for a debt that was assigned to the defendant. On September 2, 2021, the plaintiff sent a letter to the defendant at its post-office box in Nashville asking it to "immediately stop contacting me in any form, other than in writing, regarding this account or any other account or matter held by, owned by or serviced by your company."[2] Nevertheless, on September 10, 2021, the defendant called the plaintiff on the phone in an attempt to collect the debt.[3] The plaintiff filed suit four days later, alleging that the unsolicited phone call — given the cease-contact letter — violated the FDCPA and Rosenthal Act. 15 U.S.C. §§ 1692; Cal. Civ. Code §§ 1788. She then moved for summary judgment, or alternatively partial summary judgment, on the same grounds.[4]

Both parties submitted declarations in support of their summary-judgment briefing. The plaintiff explained that the debt was for dental services, and that she did not pay the debt earlier because she believed (and still believes) that the debt was already paid by her insurer. She declares that a screenshot shows a "missed call" from the defendant on September 10, 2021.[5] Lastly, in the reply brief, when the defendant had no opportunity to respond, she alleged that there was a second debt-collection call from the defendant on September 15, 2021, at 12:30 p.m.[6]

The defendant's chief compliance officer and general counsel declared that the defendant never received the letter. He said, "I can conclusively and unequivocally state that Capital

---

[2] Compl. – ECF No. 1 at 5 (¶¶ 20–23); Barlow Decl., Ex. 1, Cease & Desist Letter – ECF No. 27-2 at 5.

[3] Compl. – ECF No. 1 at 5 (¶ 24); Barlow Decl., Ex. 2, Screenshot – ECF No. 27-2 at 7.

[4] Mot. – ECF No. 27.

[5] Barlow Decl. – ECF No. 27-2 at 2 (¶¶ 6–9, 13); Barlow Suppl. Decl. – ECF No. 38-1 at 2 (¶¶ 6–11).

[6] Barlow Suppl. Decl. – ECF No. 38-1 at 3 (¶ 16); Barlow Suppl. Decl., Ex. 3, Screenshot from September 15, 2021 – ECF No. 38-1 at 9.

ORDER – No. 21-cv-07110-LB    2

Accounts never received that letter or any letter of any kind from Plaintiff at any time."[7] Specific policies and procedures have been in place to record and process incoming mail at the post-office box at issue, including cease-and-desist requests. In sum, the defendant has no record of receiving the plaintiff's letter.[8]

The parties have cooperated on discovery discussions. On February 3, the defendants made a production in response to the plaintiff's first set of requests for admissions, requests for production, and interrogatories which "Plaintiff's counsel has not yet had an opportunity to thoroughly review or address . . . ."[9]

## SUMMARY JUDGMENT STANDARD

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49.

To prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the

---

[7] Peak Decl. – ECF No. 37 at 2 (¶ 6).
[8] *Id.* at 3–4 (¶¶ 10–21).
[9] Amini Decl. – ECF No. 38-2 at 5 (¶ 23).

1  moving party need only point out 'that there is an absence of evidence to support the nonmoving
2  party's case.'") (quoting *Celotex*, 477 U.S. at 325).

3  If the moving party meets its initial burden to demonstrate the absence of a triable issue of
4  material fact, then the burden shifts to the non-moving party to produce evidence supporting its
5  claims or defenses. *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1103. The non-moving party
6  may not rest upon mere allegations or denials of the other party's evidence, but instead must
7  produce admissible evidence that shows there is a genuine issue of material fact for trial. *See*
8  *Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a
9  genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477
10 U.S. at 322–23.

11 In ruling on a motion for summary judgment, inferences drawn from the underlying facts are
12 viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith*
13 *Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

15 To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (i) the plaintiff
16 is a "debtor," (ii) the debt at issue is a "consumer debt," (iii) the defendant is a "debt collector,"
17 and (iv) the defendant violated a provision of the Act. Cal. Civ. Code § 1788.10; *Ansari v. Elec.*
18 *Document Processing Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 4647621, at *11 (N.D. Cal. Aug.
19 29, 2013). In Section 1788.17, the Rosenthal Act incorporates sections 1692b through 1692j of the
20 Fair Debt Collection Practices Act (FDCPA) and requires that every debt collector abide by its
21 provisions. Thus, a violation of the FDCPA constitutes a violation of the Rosenthal Act.

22 The plaintiff contends that the defendant violated five provisions of the FDCPA: (1) §
23 1692c(c) ("If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt
24 collector to cease further communication with the consumer, the debt collector shall not
25 communicate further with the consumer with respect to such debt, . . . ."); (2) § 1692d ("A debt
26 collector may not engage in any conduct the natural consequence of which is to harass, oppress, or
27 abuse any person in connection with the collection of a debt."); (3) § 1692e (prohibiting the use of
28 "any false, deceptive, or misleading representation or means in connection with the collection of

1  any debt."); (4) § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means
2  to collect or attempt to collect any debt or to obtain information concerning a consumer"); and (5)
3  § 1692f (prohibiting the use of "unfair or unconscionable means to collect or attempt to collect any
4  debt.").

5  The controversy is whether there is a reasonable dispute that the defendant received the letter.
6  There is no dispute that the plaintiff must prove receipt of the letter to prevail. 15 U.S.C. §
7  1692c(c) ("If such notice from the consumer [ceasing communication] is made by mail,
8  notification shall be complete upon receipt."). The slim pre-discovery record does not support the
9  plaintiff's burden.

10  The plaintiff twice alleged that "[o]n September 2, 2021, Defendant was informed in writing"
11  that future communications must be in writing." But she provided no information suggesting
12  receipt.[10] And the defendant not only disputes receipt of the letter, but also claims that its policies
13  and staff would have recorded and processed the letter had it arrived. "Each consumer letter
14  received by Capital Accounts is catalogued, date-stamped and scanned and uploaded to the
15  respective consumer account profile."[11] As this court must view inferences drawn from the
16  underlying facts in the light most favorable to the non-moving party, the plaintiff failed to prove
17  receipt of the letter beyond dispute. A jury could reasonably find the letter did not reach the
18  defendant by September 10, if at all.

19  Thus, the court denies the motion for summary judgment. The facts are disputed, there has not
20  been discovery, and the motion for partial summary judgment is premature. *Dacer v. Estrada*, No.
21  C 10-04165-WHA, 2011 WL 6099381, at *2 (N.D. Cal. Dec. 7, 2011) (*citing Zell v. InterCapital
22  Income Sec., Inc.*, 675 F.2d 1041, 1049–50 (9th Cir. 1982)).

---

[10] Barlow Decl. – ECF No. 27-2 at 2 (¶ 11); Barlow Suppl. Decl. – ECF No. 38-1 at 2 (¶ 11).
[11] Peak Decl. – ECF No. 37 at 3 (¶ 13).

# CONCLUSION

The court denies the plaintiff's motion for summary judgment or partial summary judgment without prejudice. This resolved ECF No. 27.

**IT IS SO ORDERED.**

Dated: February 11, 2022



_____
LAUREL BEELER
United States Magistrate Judge